UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODERICK O. GUNN, Individually and for Others Similarly Situated,<br><br>     Plaintiff<br><br>v.<br><br>THE SOUTHERN COMPANY and PLANET FORWARD, LLC,<br><br>     Defendants | Case No.<br><br><br><br>Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. The Southern Company ("Southern") and Planet Forward, LLC ("PF") (collectively "Defendants") do not pay overtime to the hourly employees they jointly employ as required by the Fair Labor Standards Act ("FLSA").

2. Instead, Defendants pay these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek.

3. Defendants did not pay Roderick O. Gunn ("Gunn") or any other workers like him, overtime as required by the FLSA.

4. Gunn brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because PF's headquarters is in this District and Division.

## THE PARTIES

7. Gunn was an hourly employee of Defendants.

8. His written consent is attached as Exhibit A.

9. The Southern Company is an energy generation and transmission company.[1]

10. Planet Forward, LLC, is a global recruiting firm that sources workers in the energy, environmental, manufacturing, technology, and professional services sectors.[2]

11. PF is headquartered in Western Springs, Illinois.

12. Southern along with PF employed and/or jointly employed Gunn and those similarly situated to him.

13. **The Southern Company** may be served with process by serving its registered agent Sterling A. Spainhour, 30 Ivan Allen Jr. Blvd, Atlanta, Georgia 30308.

14. **Planet Forward, LLC** may be served with process by serving its registered agent Jeffrey M. Weidner, 1431 McHenry Rd., Suite 216, Buffalo Grove, IL 60089.

## COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants were an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for

---

[1] https://www.southerncompany.com/about-us/our-business.html (last visited August 20, 2018).
[2] https://www.theplanetforward.com/ (last visited August 20, 2018).

commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

18. At all relevant times, Defendants have had and has an annual gross volume of sales made or business done of not less than $5,000,000 each.

19. At all relevant times, Gunn and the Potential Opt-in Plaintiffs (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

20. PF is an international supplier of personnel to companies such as Southern.

21. Southern is a multi-billion-dollar corporation.

22. Southern generates and transmits electricity and natural gas.[3]

23. Southern employed PF to staff its workforce and to outsource the functions traditionally performed by in-house human resource departments.

24. PF employed Gunn and staffed him to Southern.

25. Defendants co-determine and share control over the terms and conditions of employment.

26. Defendants jointly hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect Gunn and the Potential Opt-in Plaintiffs (defined below).

27. Southern is a joint employer of many of PF's employees.

28. Gunn was an hourly employee of Defendants.

29. Defendants hired Gunn around June of 2015.

---

[3] https://www.southerncompany.com/about-us/our-business.html (last visited August 20, 2018).

30. Defendants paid Gunn approximately $50 per approved hour worked.

31. Gunn performed work for Southern's Bowen plant in Euharlee, Georgia.

32. Gunn was an Electrical Supervisor for Defendants.

33. Gunn left Defendants' employment around March of 2016.

34. Gunn reported the hours he worked to Defendants on a regular basis.

35. If Gunn worked fewer than 40 hours in a week, he would be paid only for the hours worked.

36. Gunn regularly worked over 40 hours in a week.

37. Gunn typically worked 60-70 hours a week during his employment with Defendants.

38. The hours Gunn and the Potential Opt-in Plaintiffs' (defined below) worked are reflected in Defendants' records.

39. Defendants paid Gunn at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

40. Rather than receiving time and half as required by the FLSA, Gunn only received "straight time" pay for overtime hours worked.

41. When Gunn worked less than 40 hours in a week, he did not receive 40 hours' worth of pay.

42. Gunn did not receive a guaranteed salary from PF.

43. Gunn did not receive a guaranteed salary from Southern.

44. Defendants' "straight time for overtime" payment scheme violates the FLSA.

45. Defendants were aware of the overtime requirements of the FLSA.

46. Defendants nonetheless failed to pay certain hourly employees, such as Gunn, overtime.

47. Defendants' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48. Defendants' illegal "straight time for overtime" policy extends beyond Gunn.

49. It is the straight time for overtime payment plan that is the policy that is alleged to violate the FLSA in this FLSA collective action.

50. Defendants paid hundreds of hourly employees across the United States using the same unlawful scheme.

51. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

52. The workers impacted by Defendants' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

53. Therefore, the Potential Opt-in Plaintiffs are:

**All workers paid straight time for overtime, staffed to The Southern Company, at any point in the past 3 years (the "**Potential Opt-in Plaintiffs**").**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

54. By failing to pay Gunn and the Potential Opt-in Plaintiffs overtime at one-and-one-half times their regular rates of pay, Defendants violated the FLSA's overtime provisions.

55. Defendants owe Gunn and the Potential Opt-in Plaintiffs the difference between the rate paid to them and the proper overtime rate.

56. Because Defendants knew, or showed reckless disregard for whether its pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

57. Defendants are liable to Gunn and the Potential Opt-in Plaintiffs for an amount equal to all unpaid overtime wages as liquidated damages.

58. Gunn and the Potential Opt-in Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

59. Gunn demands a trial by jury.

### PRAYER

60. Gunn prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Gunn and the Potential Opt-in Plaintiffs all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Gunn and the Potential Opt-in Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Douglas M. Werman*
    **Douglas M. Werman**
    **Maureen A. Salas**
    **Sarah J. Arendt**
    Werman Salas P.C.
    77 W. Washington Street, Suite 1402
    Chicago, IL 60602
    (312) 419-1008
    dwerman@flsalaw.com
    msalas@flsalaw.com
    sarendt@flsalaw.com

    **Michael A. Josephson**
    Fed. Id. 27157
    State Bar No. 24014780
    **Andrew Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444

**Richard M. Schreiber**
Fed Id. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**